John F. McDonald and Juliet B. McDonald v. Commissioner.
McDonald v. Commissioner
Docket No. 13353.
United States Tax Court
1948 Tax Ct. Memo LEXIS 11; 7 T.C.M. (CCH) 955; T.C.M. (RIA) 48267; December 22, 1948
John F. McDonald, pro se, for the petitioners. E. Earl Heilman, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This case involves the determination of a deficiency in petitioners' income tax for 1944 in the sum of $228.75. The petitioners, in their 1944 income tax return, claimed deductions for traveling expenses, including meals and lodging, totaling $795. This total is made up of items of $345 for room, $420 for meals, and $30 for transportation to and from work. The Commissioner disallowed these deductions and determined the above deficiency. The sole question for determination is whether the Commissioner erred in disallowing the deductions claimed. Findings of Fact The petitioners are husband and wife and during the years from 1943 through March 15, 1947, maintained a home in Montgomery, *12 Alabama. They had two minor sons who were in high school at that time. Their income tax return for the year 1944 was filed with the collector for the district of Alabama. In September 1943 the petitioner, John F. McDonald, obtained a position as auditor with the J. A. Jones Construction Company, Inc., a prime contractor engaged in the erection of factories for the manufacture of atomic bombs at Oak Ridge, Tennessee. On account of housing conditions petitioner was unable to obtain living quarters for himself or his family at Oak Ridge, and during the period of his employment with the above-said contractor, from September 1943 to March 15, 1947, petitioners rented a home in Montgomery, Alabama, where Juliet B. McDonald and the two children resided, and petitioner John F. McDonald obtained a room in Knoxville, Tennessee, about forty-two miles from Oak Ridge, and commuted daily to and from his place of employment. Juliet B. McDonald was employed by the Farm Security Administration in Montgomery, Alabama, during the entire year of 1944, and the two children attended high school in Montgomery during that year. During the year 1944 petitioner John F. McDonald paid $345 rent for a room occupied *13 by him in Knoxville, Tennessee, $420 for meals, and $30 for transportation to and from work. On petitioners' return for the year 1944 they elected to take the $500 standard deduction and for the purpose of reporting adjusted gross income from salaries claimed deductions totaling $795. In the return the items so deducted were described as follows: Room rent in Knoxville, Tenn. for the
year 1944
$345.00
Meals -, 280 days, at $1.50 per day in
Knoxville, Tenn.
420.00
Transportation daily from Knoxville,
Tenn. to Clinton Engineer Works
30.00
$795.00
Opinion LEMIRE, Judge: The petitioners contend that they are entiled to the deductions claimed as expenses of traveling, meals and lodging while away from home, under the provisions of sections 22(n)(2)[1] and 23(a)(1)(A) [2] of the Internal Revenue Code. On the other hand, it is the respondent's contention that these expenses were personal living expense and that the deduction thereof is specifically prohibited by section 24(a)(1) [3] of the Internal Revenue Code. *14 We are of the opinion that the facts in this case support respondent's contention. The facts in the case of York v. Commissioner, 160 Fed. (2d) 385, are very similar to the facts here involved, and the United States Court of Appeals for the District of Columbia, in discussing that case, said: "The Tax Court was clearly right in ruling against petitioner. A man's living expenses while he is carrying on his business at his regular place of business are personal and not business expenses. This is true even though he maintains, as petitioner did at first, a place of abode so distant from his place of business that daily commuting is impossible. Com'r v. Flowers, 326 U.S. 465, 66 S. Ct. 250. Petitioner points out that Flowers maintained his remote establishment from choice whereas petitioner brought his family to Washington as soon as he could. We think the difference immaterial. Petitioner neither maintained a place of abode in Atlanta, nor brought his family to Washington, in order to do the work which he was employed to do. Therefore the expenses which these arrangements caused were not incurred either (1) 'in carrying on any trade or business' or (2) 'for *15 the production or collection of income.'" We therefore find that the respondent correctly determined that these expenditures were personal living expenses and the deductions were properly disallowed. Decision will be entered for the Respondent. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(n) Definition of "Adjusted Gross Income." - As used in this chapter the term"adjusted gross income" means the gross income minus - * * *
(2) Expenses of Travel and Lodging in Connection with Employment. - The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee; * * *↩
2. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a)Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *↩
3. SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - (1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x); * * *↩